

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RODNEY NATHANIEL BOONE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-945-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Rodney Nathaniel Boone, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

## I. Procedural History

In 2008 petitioner was indicted in Tarrant County, Texas, Case No. 1289758D, for possession with intent to deliver heroin in the amount of one gram or more but less than four grams (count

one) and the lesser included offense of possession of heroin in the amount of one gram or more but less than four grams (count two). (Clerk's R. at 5.) The indictment also included a habitual offender notice. (*Id.*) On June 19, 2013, a jury found petitioner guilty on count one, petitioner pleaded true to the habitual offender notice, and the trial court assessed his punishment at thirty years' confinement.[1] (*Id.* at 77.) On appeal, the Second District Court of Appeals of Texas affirmed the trial court's judgment. (Mem. Op. at 15.) Petitioner did not file a petition for discretionary review but did file two relevant state postconviction habeas applications challenging his 2013 conviction. The first was dismissed because the court of appeals's mandate had not issued when it was filed in the trial court. (State Habeas R., WR-54,131-02, "Action Taken.") The second was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (State Habeas R., WR-54,131-03, "Action Taken.")

The state appellate court summarized the background facts of

---

[1]After the jury found petitioner guilty in Case No. 1289758D, petitioner waived his right to a jury trial and, pursuant to a plea agreement, pleaded guilty in Case No. 1304611D to possession with intent to deliver heroin in the amount of four grams or more but less than 200 grams and was sentenced to fifteen years' confinement, the sentence to run concurrently with his 30-year sentence. (State Habeas R., WR-54,131-05, at 83.)

the case as follows:

In July 2012, Fort Worth Police Department (FWPD) Officer Juan Sandoval obtained a search warrant for a house. Officer Sandoval organized a team of approximately twenty officers to execute the warrant. On an early evening, after knocking on the house's front door and receiving no response, the officers opened the door by force and entered the house. Seconds later, while Officer Sandoval stood in the backyard of the house, he saw six people, including appellant, running out of the back door. While fleeing, appellant dropped a clear plastic baggie in the back room of the house.

Officer Sandoval found the baggie that appellant had dropped. In the baggie and near it, Officer Sandoval saw several clear capsules containing a brown powdery substance that he believed was heroin.

In the house, officers found another person who had possessed drugs, more narcotics (heroin, cocaine, and Xanax) in the kitchen and bedroom areas of the house, a coffee grinder containing residue, a digital scale containing brown residue, and two cell phones. Appellant said that one of the cell phones belonged to him. The police did not find evidence on the phones that connected anyone to the delivery or sale of drugs.

When the police detained appellant, he had roughly $666. Specifically, appellant had two $100 bills, one $50 bill, seven $20 bills, twelve $10 bills, twenty-six $5 bills, twenty $1 bills, and over $5 in change. Officer Sandoval believed that the amount of money that appellant had possessed was "consistent with individuals who sell narcotics." Also, Officer Sandoval believed that appellant had possessed an amount of heroin that exceeded what he could personally use.

(Mem. Op. at 2-3.)

## II. Issues

Generally, petitioner's grounds for relief involve allegations of ineffective assistance of trial counsel, prosecutorial misconduct, and trial court error. (Pet. at 6; Pet'r's Mem. at 1-7; Pet'r's Supp. Mem. at 1-3.) His grounds are multitudinous and addressed as thoroughly as practical below.

## III. Rule 5 Statement

Respondent does not believe the petition is subject to the successive-petition bar or is untimely but does assert that one or more of petitioner's claims are unexhausted and/or procedurally barred. (Resp't's Answer at 5.) 28 U.S.C. §§ 2244(b), (d), 2254(b)(1).

## IV. Discussion

### *Legal Standard for Granting Habeas Corpus Relief*

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record

4

before the state court. *Harrington v. Richter*, 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). This presumption applies to both express and implied findings of fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002). Further, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas corpus application without written opinion, a

5

federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law, as determined by the Supreme Court of the United States" unless there is evidence that an incorrect standard was applied, in making its decision. *Johnson v. Williams,* — U.S. —, 133 S. Ct. 1088, 1094 (2013); *Harrington,* 562 U.S. at 99; *Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2004).

### *(1) Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on the first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey,* 469 U.S. 387, 396 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). *See also Smith v. Robbins,* 528 U.S. 259, 287-88 (2000) (applying *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to

6

demonstrate ineffective assistance. *Id.* at 687, 697. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The Supreme Court recently clarified the manner in which a federal court is to consider an ineffective assistance of counsel claim raised in a habeas petition subject to AEDPA's strictures:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington,* 562 U.S. at 101 (quoting *Williams,* 529 U.S. at 410). Accordingly, it is necessary only to determine whether the state courts' rejection of petitioner's ineffective assistance claims was contrary to or an objectively unreasonable application of

*Strickland. Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke*, 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

Petitioner's ineffective assistance claims are construed as follows: Trial counsel, Brian Walker, was ineffective by—

(1)   failing to file a motion to suppress or to object to evidence of a gun and drugs found in the first-floor bedroom and drugs found in the kitchen;

(2)   failing to have a firm command of the facts and governing law so as to object and preserve appealable issues;

(3)   failing to investigate evidence favorable to the defense;

(4)   allowing the state to misstate material evidence and make inflammatory attacks on him during closing argument without objection; and

(5)   representing him with a conflict of interest.

(Pet. at 6; Pet'r's Mem. 2-4.)

Respondent asserts that one or more of petitioner's claims are unexhausted and procedurally barred from federal habeas review. Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas

claim has been fairly presented to the highest court of the
state, in this case the Texas Court of Criminal Appeals, on
direct appeal or in state postconviction proceedings. TEX. CODE
CRIM. PROC. ANN. art. 11.07 (West 2015); *O'Sullivan v. Boerckel,*
526 U.S. 838, 842-48 (1999); *Fisher,* 169 F.3d at 302; *Carter v.
Estelle,* 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion
requirement is not satisfied if the petitioner presents new legal
theories or factual claims in his federal habeas petition for the
first time. *Reed v. Stephens,* 739 F.3d 753, 780 (5th Cir. 2014)
(quoting *Anderson v. Johnson,* 338 F.3d 382, 386 (5th Cir. 2003)).

Respondent asserts that petitioner did not raise one or more
of his ineffective assistance claims in his state habeas
application or raised one or more of the claims in an untimely
memorandum and that the claims are therefore unexhausted and
procedurally barred. (Resp't's Answer at 7-12.) In his state
habeas application, petitioner alleged (all spelling and
grammatical errors are in the original)—

> Mr. Walker whom only made one objection and passively
> allowed the prosecutor to present irrelevant issues and
> make unsupported claims. As well as took advantage of
> my ignorance to the rules of trial and prevented me
> from exhibiing fully my case fictitiously standing to
> restrain the defence in favor of the prosecutor to
> undermined the fair trial process.

(State Habeas R., WR-54,131-03, at 7.) The application was not

accompanied by a memorandum or any further factual development or legal citation. The state habeas judge, who also presided at petitioner's trial and observed counsel's actions before and during trial, found that petitioner's claim was "not supported by specific facts demonstrating that the Hon. Brian Walker engaged in deficient conduct or that the result of the applicant's prosecution would have been different but for deficient conduct by Mr. Walker." (State Habeas R., WR-54,131-03, at 34.) In turn, the Texas Court of Criminal Appeals denied the application without a hearing on the findings of the trial court.

After the trial court forwarded its findings and recommendation to the Texas Court of Criminal Appeals, petitioner filed a supplemental memorandum in the trial court, asserting additional claims and providing additional facts and legal argument. The trial court transmitted the supplemental memorandum to the Texas Court of Criminal Appeals, and it was received by the clerk of that court on July 21, 2014. Seven days later, after the Texas Court of Criminal Appeals had already denied the application, the supplemental memorandum was placed in the "writ file." (*Id.*, First Supp. R., at cover, 2-12.) Therefore, it does not appear that the memorandum was presented to and considered by the state court. *See Ex parte Pond,* 418 S.W.3d 94, 95 n.13 (Tex.

10

Crim. App. 2013) (Cochran, J., concurring); *Green v. State,* 374

S.W.3d 434, 453 (Tex. Crim. App. 2012) (Price, J., concurring).

Given the ambiguity of petitioner's ineffective assistance

claim in his state habeas application, this court is hard pressed

to conclude that any of petitioner's claims raised in this

federal petition sufficiently correspond to the state claim for

purposes of exhaustion. Nevertheless, to the extent addressed by

the state courts and deferring to the state courts' adjudication

of petitioner's claim, the state courts' application of

*Strickland* was not unreasonable. Vague and conclusory

allegations, unsupported by anything contained in the record, are

insufficient to merit relief and do not raise a constitutional

issue in a federal habeas proceeding. *United States v. Pineda,*

988 F.2d 22, 23 (5th Cir. 1993); *Ross v. Estelle,* 694 F.2d 1008,

1012 (5th Cir. 1983).

To the extent petitioner raised his ineffective assistance

claims in his supplemental memorandum in the state habeas

proceeding or for the first time in this federal petition, the

claims are unexhausted. Under the Texas abuse-of-the-writ

doctrine, however, petitioner cannot now return to state court

for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN.

art. 11.07, § 4(a)-(c). The abuse-of-the-writ doctrine represents

11

an adequate state procedural bar to federal habeas review. *See*

*Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). Where a

petitioner has committed a procedural default, federal habeas

corpus review is available only if he can demonstrate: (1) "cause

for the default and actual prejudice as a result of the alleged

violation of federal law," or (2) that "failure to consider the

claims will result in a fundamental miscarriage of justice."

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Cause is

demonstrated by showing "some objective factor external to the

defense impeded . . . efforts to comply with the State's

procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986);

*accord Meanes v. Johnson,* 138 F.3d 1007, 1011 (5th Cir. 1998)

(citation omitted). The prejudice requirement likely rests on a

determination of whether the petitioner has "suffered . . . [to

a] degree sufficient to justify collateral relief." *United States*

*v. Frady,* 456 U.S. 152, 168 (1982). In the alternative, to

establish a fundamental miscarriage of justice, a petitioner must

provide the court with evidence that would support a "colorable

showing of factual innocence." *Kuhlmann v. Wilson,* 477 U.S. 436,

454 (1986). Petitioner makes no such showing here. Accordingly,

review of petitioner's ineffective assistance claims, and any

other claims that may be procedurally defaulted, *see infra,*

12

depends on whether he can demonstrate the requisite cause for the default and actual prejudice. *Coleman,* 501 U.S. at 750.

Petitioner has not put forth any explanation as to why he did not raise his ineffective assistance claims in his initial state application. However, in a pair of recent decisions, the United States Supreme Court has recognized a narrow exception to the procedural-default doctrine. In *Martinez,* the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan,* 132 S. Ct. 1309, 1320 (2012). *See also Trevino v. Thaler,* 133 S. Ct. 1911, 1917 (2013) (recognizing that the "narrow exception" created by *Martinez* applies in Texas cases). This means that a habeas petitioner can use either his state habeas counsel's ineffectiveness or his own status as a pro se litigant as cause to excuse the procedural default where ineffective assistance of trial counsel is asserted. Although petitioner does not invoke *Martinez/Trevino,* he was not represented by counsel in his state habeas proceedings. Therefore, the court, *sua sponte,* reviews his ineffective assistance claims to determine whether one or more

13

are substantial.

Petitioner claims trial counsel was ineffective by failing to file a motion to suppress a gun and drugs found in a first-floor bedroom, where rental receipts in petitioner's name, capsules containing a brown powder substance, petitioner's social security card, and mail addressed to petitioner were also found, and drugs found on the stove in the kitchen. He also claims counsel was ineffective by failing to object during trial to the admission of extraneous offense evidence of the gun because it made him "look like a killer." (Pet'r's Mem. at 3.) The first claim is rebutted by the record, which reflects that counsel filed a motion in limine addressing extraneous offense evidence, and the motion was granted by the trial court. (Clerk's R. at 39-41.) Further, petitioner fails to demonstrate that an objection would have been sustained had counsel raised the issue during trial. Texas Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of the defendant. *See* Tex. R. Evid. 404(b). However, the rule specifically allows the use of such evidence to prove elements including motive, intent, preparation, plan, knowledge, and absence of mistake or accident. *Id*. The items seized during the raid, including the drugs and the gun, were relevant and

14

admissible to the government's theory that the house was a place where drugs were sold and that petitioner not only possessed the drugs with which he was charged, but that he intended to deliver them for sale. *See United States v. Perez,* 648 F.2d 219, 224 (5th Cir.), *cert. denied,* 454 U.S. 1055 (1981) (recognizing that firearms are "tools of the trade" of those engaged in illegal drug activities and are highly probative in proving criminal intent). Counsel is not required to make futile objections. *Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir. 1990).

Petitioner claims counsel was ineffective by failing to have a firm command of the facts and governing law so as to preserve his evidentiary and prosecutorial misconduct claims for appeal. This claim is conclusory and fails to raise a constitutional issue on federal habeas review. *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983). Absent evidence to the contrary, counsel is presumed to know the facts of his case and applicable law. Nor does petitioner allege any potentially meritorious issues that were not raised on appeal. Therefore, he cannot show that the outcome of his appeal would have been different had the issues been raised.

Petitioner claims counsel was ineffective by failing to investigate his only possible defense—*i.e.,* that the baggie of

drugs dropped when people were filing out the back door belonged to someone else—by requesting forensic and fingerprint testing on the baggie. (Pet'r's Mem. at 3.) Counsel has a duty to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 691; *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997). Counsel is presumed to have conducted an adequate investigation. *Strickland*, 466 U.S. at 689. In this case, counsel also retained an investigator who testified that he was asked to locate witnesses, interview petitioner, review the case file, and take photographs, among other things. (Reporter's R., vol. 3, at 48-51.) To establish counsel's failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have benefitted him. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Petitioner has not demonstrated that the outcome of his case would have been any different had the owner of any fingerprints on the baggie been identified. Instead, counsel established through cross-examination that no fingerprint investigation was conducted by police and he used the absence of fingerprints, as well as the absence of photographs, *see infra*, as part of his defensive strategy. (Reporter's R., vol. 2, at

16

169, 247, 265-66 & vol. 3, at 58-59.) Such strategic decisions by counsel are virtually unchallengeable and do not generally provide a basis for habeas relief. *Knowles v. Mirzayance,* 556 U.S. 111, 124 (2009); *Strickland,* 460 U.S. at 689.

Petitioner claims counsel was ineffective by allowing the state to misstate material evidence and make inflammatory attacks on him without objection. Specifically, he complains that the state "tainted" officer Sandoval's testimony by changing the "position" that he exited the back door from third to last out of the door. (Pet'r's Mem. at 3; Reporter's R., vol. 2, at 181.) The Supreme Court has cautioned that "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young*, 470 U.S. 1, 11 (1985). Although the prosecutor did misstate officer Sandoval's testimony by stating that petitioner was the last one out of the house, it cannot be said that in the context of the trial as a whole the misstatement rendered the trial fundamentally unfair. A prosecutor's argument by itself is a constitutional violation in only the most egregious cases. *Koch v. Puckett,* 907 F.2d 524, 526 (5th Cir.

17

1990); *Ortega v. McCotter,* 808 F.2d 406, 410 (5th Cir. 1987).

Petitioner also claims the prosecutor improperly expressed her personal opinions regarding the police officers' testimony and investigation of the case during closing argument. (Pet'r's Mem. at 5-7.) However, the prosecutor was merely responding to petitioner's argument that the officers lied or were mistaken about what they observed, that the lack of fingerprint evidence showed "sloppy police work," and that the officers were trying to "put as much on as many people as they possibly" could in the house. Therefore, the prosecutor's argument was proper. *Bell v. State,* 724 S.W.2d 780, 802-03 (Tex. Crim. App. 1986); *Campbell v. State,* 610 S.W.2d 754, 756 (Tex. Crim. App. 1980). Counsel is not required to make frivolous objections. *Johnson v. Cockrell,* 306 F.3d 249, 255 (5th Cir. 2002); *Koch,* 907 F.2d at 527.

Finally, petitioner claims counsel was ineffective by representing him with a conflict of interest. (Pet'r's Mem. at 4.) Specifically, petitioner claims a conflict arose regarding the defensive strategy to be used at trial after petitioner suggested that a fingerprint analysis be conducted to rule out "false testimony" material to his guilt or innocence. (*Id.*) An "actual conflict" means counsel was "compelled to compromise his

18

or her duty of loyalty or zealous advocacy." *Bostick v. Quarterman,* 580 F.3d 303, 307 (5th Cir. 2009). An "adverse effect" may be established by "evidence that some plausible alternative defensive strategy or tactic could have been pursued, but was not because of the actual conflict." *Id.* A mere disagreement regarding trial strategy does not give rise to a conflict. *United States v. Fields,* 483 F.3d 313, 353 (5th Cir. 2007); *Vega v. Johnson,* 149 F.3d 354, 360 (5th Cir. 1998).

In summary, petitioner has failed to establish a substantial claim of ineffective assistance of counsel and, thus, he cannot satisfy the cause-and-prejudice requirement. Accordingly, his ineffective assistance claims raised for the first time in his supplemental memorandum in the state habeas proceeding and/or this federal petition are unexhausted and procedurally barred from the court's review.

### (2) Prosecutorial Misconduct

Petitioner claims the prosecution engaged in misconduct by (1) suppressing evidence favorable to the defense; (2) knowingly using perjured testimony; (3) "submitting evidence that was not photographed"; and (4) stating her own beliefs about the presence of the gun found in the bedroom and making inflammatory attacks against petitioner during closing argument. (Pet'r's Mem. at 6.)

19

As with petitioner's ineffective assistance claims, his
prosecutorial misconduct claims are multitudinous and partially
unexhausted. To the extent petitioner raised the claims in his
initial state habeas application, the state habeas court found
that

> the applicant's evidentiary and argument complaints are
> not cognizable on writ of habeas corpus, and have been
> procedurally defaulted because they were not raised on
> direct appeal.

(State Habeas R., WR-54,131-03, at 34.)

Federal habeas review of a claim is procedurally barred if
the last state court to consider the claim expressly and
unambiguously based its denial of relief on a state procedural
default. *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). The Texas
Court of Criminal Appeals has repeatedly held that claims that
could have been raised on direct appeal may not be raised in a
state habeas petition. *Ex parte Gardner,* 959 S.W.2d 189, 199-200
(Tex. Crim. App. 1998). The state habeas court clearly relied
upon a firmly established and regularly followed state procedural
rule to deny petitioner's prosecutorial misconduct claims that,
in turn, represents an adequate state procedural bar to federal
habeas review of the claims. *Ex parte Gardner*, 959 at 199. *See
also Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989)

(holding "the Great Writ should not be used to litigate matters which should have been raised on appeal"). To the extent petitioner raised his prosecutorial misconduct claims for the first time in his supplemental memorandum in the state habeas proceeding or in this federal petition, the claims are unexhausted and procedurally barred. As such, these claims can only be considered if petitioner can satisfy the cause-and-prejudice requirement, *supra* at 11-12. Such showing not having been demonstrated, the claims are procedurally barred from the court's review.

The court notes that even if the claims were not procedurally barred, they lack merit. Petitioner claims that the prosecution suppressed his "request to have the contents of the drugs tested for fingerprints to rule out false testimony" and suppressed the fact that Amanda Oliver, one of the other persons arrested following the raid, was also "found in possession of the same drugs at the scene and in the county jail." (Pet'r's Mem. at 5-6.) A valid *Brady* complaint contains three elements: (1) the prosecution must suppress or withhold evidence, (2) which is favorable, and (3) material to the defense. *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972). There is no evidence that law enforcement conducted any fingerprinting on the drugs or the

21

other items seized. In fact, officers testified that no
fingerprinting on the evidence was done and that it was uncommon
to fingerprint narcotics and baggies, and petitioner used the
absence of such evidence as a defensive strategy. (Reporter's R.,
vol. 2, at 241, 249, 263.) Further, the record reflects that the
state "turned over" all the evidence in their file. (*Id.* at 8-9.)
And, the fact that petitioner may have requested fingerprint
analysis on the evidence does not in itself establish that any
such examination would have been favorable to the defense. As to
the second claim, petitioner presents no evidentiary basis for
his assertion that the "same drugs" were attributed to both
Amanda Oliver and himself. To the contrary, officer Sandoval
testified that of the five arrested, none of the five were
arrested for the same contraband, and petitioner presents no
evidence to controvert that testimony. (Reporter's R., vol. 2, at
201.)

Petitioner claims the prosecution engaged in misconduct by
using perjured testimony. Petitioner maintains that the testimony
of officer Sandoval that he saw petitioner drop the baggie as he
ran out the back door was false because photograph evidence,
defense exhibit number 1, shows that the officer was farther away
from the back door than the 10 feet testified to and the fact

that there were obstacles in the officer's line of sight.
Petitioner also maintains that officer Jones's testimony that
petitioner's social security card was found next to the drugs in
a dresser drawer in the bedroom was false because his social
security card was in his wallet.

To establish a due process violation based on the state's
knowing use of perjured testimony, petitioner must show that (1)
the statements were actually false; (2) the state knew they were
false; and (3) the statements were material, *i.e.*, a highly
significant factor reasonably likely to have affected the jury's
verdict. *United States v. Blackburn,* 9 F.3d 353, 357 (5th Cir.
1993). Nothing in the record suggests that the officers'
testimony was false or that the state was aware the testimony was
false. It was the jury's duty to determine the weight and
credibility of, and resolve any conflicts in, the testimony.

Petitioner claims the state engaged in misconduct by
"submitting evidence that was not photographed." Apparently,
petitioner's complaint is that the state should have introduced
photographs to support the testimony that officers found drugs
close to petitioner's belongings in the bedroom and on the stove
in the kitchen. Petitioner fails to demonstrate that any such
photographs were taken by the officers and were available to the

23

prosecution. Under the circumstances, the jury was free to accept or reject the testimony of the officers without the introduction of photographs supporting the testimony. And, as previously noted, the defense used the absence of such evidence as a defensive strategy.

Petitioner claims the prosecution engaged in misconduct by stating her beliefs about the presence of the gun in the house—*i.e.*, that petitioner "had the gun to protect hisself [sic] and his keep from robbers," and making inflammatory attacks against him. (Pet'r's' Mem. at 5.) Petitioner does not provide a record reference for his first claim. And, relevant to his second claim, he merely asserts that the prosecutor changed the testimony of officer Sandoval, arguing that petitioner was the last person out of the back door instead of the third person out. (Pet'r's Mem. at 6.) Federal habeas relief does not lie on the basis of an improper jury argument unless the argument "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeCristoforo,* 416 U.S. 637, 643 (1974). Contrary to petitioner's argument, nothing in the record suggests that the prosecutor manipulated the facts, versus simply misstated the facts. Nevertheless, petitioner fails

24

to show that the misstatement affected the outcome of his trial.

### III. Trial Court Error

Finally, petitioner claims the trial court erred and abused its discretion by allowing the prosecutor to introduce extraneous offense evidence and comment upon petitioner's prior criminal convictions during the punishment phase of his trial. (Pet'r's Supp. Reply at 1-3.) This issue, raised for the first time in this federal petition, is unexhausted for purposes of § 2254(b)(1). Although petitioner alleges he has returned to state court for purposes of exhausting the claim, he provides no proof of his assertion and the website for the Texas judiciary does not reflect that petitioner has done so. Petitioner offers no explanation for his failure to raise the claim in his initial state habeas application nor does he demonstrate prejudice. Absent such a showing, the claim is procedurally barred from the court's review.

Even if the claim were not procedurally barred, the claim lacks merit. Petitioner claims the prosecutor stated that he had a pending charge for the same crime during closing argument "for the jury to consider during its deliberations." (Pet'r's Supp. Reply at 1.) The court finds no such statement made during the guilt/innocence phase. Further, petitioner elected to have the

25

trial judge assess his punishment and under Texas law and for

purposes of sentencing,

> evidence may be offered by the state and the defendant
> as to any matter the court deems relevant to
> sentencing, including but not limited to the prior
> criminal record of the defendant, his general
> reputation, his character, an opinion regarding his
> character, the circumstances of the offense for which
> he is being tried, and, notwithstanding Rules 404 and
> 405, Texas Rules of Evidence, any other evidence of an
> *extraneous crime or bad act* that is shown beyond a
> reasonable doubt by evidence to have been committed by
> the defendant or for which he could be held criminally
> responsible, regardless of whether he has previously
> been charged with or finally convicted of the crime or
> act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2015)

(emphasis added). The state offered the police department offense

reports and the lab reports as proof of the unadjudicated

extraneous offenses and so-called "pen packets" as proof of

petitioner's prior convictions, which were admitted without

objection. This evidence was sufficient to establish beyond a

reasonable doubt the extraneous offenses committed by petitioner

or for which he could be held criminally responsible and to

establish his prior convictions.

    For the reasons discussed herein,

    The court ORDERS that petitioner's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED December _30_, 2016.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

27